McIRNERNY v. BALDWIN SPECIALTY CO.

(Supreme Court, Special Term, Erie County. January, 1913.)

SALES (§ 481*)—CONDITIONAL SALES—VENDEE—SUCCESSOR IN INTEREST—EVIDENCE.

In an action brought under Personal Property Law (Consol. Laws 1909, c. 41) § 65, giving a vendee or his successor certain rights under conditional sales, evidence *held* to warrant a finding that plaintiff was not a successor in interest of the original vendee.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. § 481.*]

Appeal from City Court of Buffalo.

Action by James J. McIrnerny against the Baldwin Specialty Company. Judgment for defendant, and plaintiff appeals. Affirmed.

A. W. Crosby, of Buffalo, for plaintiff.
Tabor & Wilkie, of Buffalo, for defendant.

POOLEY, J. This action is brought under section 65 of the Personal Property Law, giving the vendee or his successor in interest a cause of action, under certain conditions to recover the amount paid under a conditional sale.

The vendee in this case was Julia Hussong on purchases of household effects under various written contracts dated from September, 1905, to January, 1908, and upon which partial payments were made by her from September, 1905, to February, 1909, leaving a balance

unpaid of more than one-half of the principal sum. On March 30, 1909, this vendee executed a bill of sale to Annie Reynolds, covering all the household effects in question, as well as other household effects purchased from other dealers, and this bill of sale was filed in Erie county clerk's office April 2, 1909. On April 9, 1909, the vendor took possession under the contracts of conditional sale, disposed of some of the articles, and others were so worn out as to be of little or no value. The goods were not advertised for sale pursuant to the statute. On March 9, 1911, nearly two years after the taking of the property, Annie Reynolds executes a bill of sale to this plaintiff of the same property covered by the bill of sale to her in 1909. This bill of sale of March, 1911, contains a recital that by the one of 1909 Annie Reynolds took title as agent of the plaintiff.

The summons in this action was issued by the City Court April 1, 1911, and in ·May, 1911, the trial was had. The plaintiff was not sworn, and so far as appears was not present. Annie Reynolds, sworn for plaintiff, testified that she did not know where the plaintiff resides, or whether or not he resides in Buffalo. This contention that she was the agent of the plaintiff, and, as such, took the bill of sale, appears very much like an afterthought, and this is made more manifest by this second bill of sale being executed so shortly before the issue of the summons, and after the expiration of nearly two years. These facts and circumstances were before the trial court, and its judgment upon them is warranted that the plaintiff did not make out a case which would authorize the finding that he was the successor in interest of the original vendee to permit him to maintain this action.

Judgment of the City Court is affirmed, with costs.